ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 07 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, :<br><br>Plaintiff, :<br><br>v. :<br><br>LAZ PARKING, LLC., :<br><br>Defendant. : | CIVIL ACTION NO. **-CAM**<br><br>1:10-CV-1384<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Mrs. Fatou Secka ("Secka"), who was adversely affected by such practices. The defendant, LAZ Parking, LLC failed to provide Secka with a reasonable accommodation and terminated her from her position as a cashier because of her religious beliefs in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, LAZ Parking, LLC., (the "Defendant") has continuously been doing business in 16 states, including the State of Georgia and the City of Atlanta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer

engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Secka filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 26, 2009, Defendant has engaged in unlawful employment practices at its W Hotel Buckhead location in Atlanta, Georgia, in violation of Section 706(f)(1) and (3) of Title VII. 42 U.S.C. § 2000e-5(f)(1) and (3), by refusing to provide Secka with a reasonable accommodation of her religious beliefs, and by terminating her because of her religious beliefs in violation of Title VII.

8. On or about November 14, 2008, Defendant hired Secka as a cashier in Atlanta, Georgia. When Secka was interviewed and hired by Defendant, she was wearing a hijab to cover her hair, which is a sincerely held religious belief and/or practice.

9. Secka was then hired by Defendant and assigned to its Cumberland Mall location. She wore her hijab to work every day while working at the Cumberland Mall location without incident or opposition.

10. In January 2009, Secka was informed that Defendant's Cumberland Mall locating was closing and told that she would be transferred to Defendant's W Hotel Buckhead location.

11. On or around February 26, 2009, Secka worked her first day as a cashier at the W Hotel. At the end of the work day, Defendant informed Secka that she would not be able to continue working at its W Hotel Buckhead location unless she removed her hijab. Secka informed Defendant that she could not remove her hijab because wearing the headscarf was part of her religious practice.

12. Secka's supervisor informed her that he would look into the matter and inform Secka when she could return to work.

13. Defendant never contacted Secka or scheduled her to return to work.

14. On February 26, 2009, Defendant effectively terminated Secka because she would not remove her hijab. At the time of Secka's termination, Defendant had failed to engage in the interactive process with her to find a reasonable accommodation or otherwise consider any reasonable accommodations of her religious beliefs.

15. The effects of the practices complained of in paragraphs 7-14 above have been to deprive Secka of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

16.     The unlawful employment practices complained of in paragraphs 7-14 above were intentional.

17.     The unlawful employment practices complained of in paragraphs 7-14 above were carried out with malice and/or reckless indifference to the federally protected rights of Secka.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of religion by subjecting individuals who request reasonable accommodations for religious beliefs to adverse employment actions in violation of Title VII.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who request reasonable accommodations of their religious beliefs under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Secka, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

D.     Order Defendant to make Secka whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.     Order Defendant to make whole Secka by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay Secka punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper.

H.     Award the Commission its costs in this action.

[Jury Trial Demand and Signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

5/7/2010
/Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
Robert.dawkins@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
Ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6812